UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
BORIS ALEXEEV, *pro se*,　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　　　　:
　　　　　　　　　　　　Petitioner,　　　　　:
　　　　　　　　　　　　　　　　　　　　　　　:　　　**MEMORANDUM & ORDER**
　　　　　　　-against-　　　　　　　　　　　:　　　10-CV-3968 (DLI)
　　　　　　　　　　　　　　　　　　　　　　　:
UNITED STATES OF AMERICA,　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　　　　:
　　　　　　　　　　　　Respondent.　　　　　:
------------------------------------------------------------ x

**DORA L. IRIZARRY, United States District Judge:**

*Pro se* petitioner Boris Alexeev ("Petitioner") was convicted, upon his guilty plea, of Hobbs Act robbery and conspiracy to obstruct justice. On March 19, 2008, this Court sentenced him to 168 months of incarceration, followed by three years of supervised release. (Sentencing Tr. at 43, Docket No. 04-cr-1041,[1] Dkt. Entry No. 415.) On May 29, 2009, the Second Circuit Court of Appeals ("Second Circuit") affirmed the judgment of this Court. *See United States v. Grabsky*, 330 F. App'x. 259 (2d Cir. 2009). A writ of certiorari to the Supreme Court was denied on October 13, 2009. *Alexeev v. United States*, 558 U.S. 957 (2009).

On October 12, 2010, Petitioner, proceeding *pro se*, filed a petition challenging his sentence pursuant to 28 U.S.C. § 2255. (*See generally* Pet., Dkt. Entry No. 1; Mem. of Points and Authorities in Supp. of Pet., Dkt. Entry No. 2.) This Court denied the petition on March 27, 2014. (*See generally* Mem. & Order of Mar. 27, 2014, Dkt. Entry No. 12.) Petitioner then appealed the Court's decision to the Second Circuit, which denied Petitioner a certificate of appealability and dismissed the appeal on December 10, 2014. (*See* Mandate of U.S. Ct. of Appeals for the 2d Cir., Dkt. Entry No. 16.) Next, on December 12, 2014, Petitioner filed a

---

[1] "Docket No. 04-cr-1041" is a reference to the criminal case docket underlying the instant motion.

motion for reconsideration of the Court's order denying his petition. (*See* Mot. for Reconsideration, Dkt. Entry No. 17.) The Court denied his motion for reconsideration on April 7, 2015. (*See* Order of Apr. 7, 2015.)

Most recently, Petitioner filed three separate motions[2] in an attempt to further challenge his conviction. Petitioner filed a motion for recusal, summary judgment, and reconsideration of the Court's April 7, 2015 Order.

## DISCUSSION

### I. Motion for Recusal

To determine whether the Court will decide Petitioner's other motions, the Court will first address Petitioner's motion for recusal. Petitioner moves for this Court's recusal pursuant to 28 U.S.C. § 455(b)(1) arguing that the Court "display[ed] bias as well as prejudice in ruling fair and just on Petitioner's pro-se [sic] pleading." (Mot. for Recusal at 1, Dkt. Entry No. 21.) As an example of the Court's prejudice, Petitioner cites to the Court's April 7, 2015 Order, which denied Petitioner's motion for reconsideration of his 28 U.S.C. § 2255 motion because Petitioner failed to demonstrate any exceptional circumstances or cite to any applicable law to justify relief from the Court's previous judgment. (*See id.* at 1-2.) Petitioner does not give any other reasons to support his motion for recusal.

Title 28, section 455(b)(1) of the United States Code provides that a judge of the United States shall disqualify herself where "[s]he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." 28 U.S.C. §

---

[2] In reviewing Petitioner's motions, the court is mindful that, "[a] document filed *pro se* is to be liberally construed and a *pro se* [pleading], however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Accordingly, the court interprets the motions "to raise the strongest arguments that they suggest." *Triestman v. Fed. Bureau of Prisons,* 470 F. 3d 471, 474 (2d Cir. 2006) (emphasis omitted).

455(b)(1). The Second Circuit has stated that, in evaluating a motion for recusal under this section, "determination of bias under this section must be based on extrajudicial conduct" and not on decisions or rulings adverse to a party or information learned in a judge's official capacity. *In re Drexel Burnham Lambert Inc.*, 861 F.2d 1307, 1314 (2d Cir. 1988).

Petitioner has not cited to any extrajudicial prejudicial conduct nor has he articulated any reason why this Court's impartiality reasonably could be questioned. The only example of the Court's purported prejudice Petitioner puts forth is the Court's denial of Petitioner's motion for reconsideration. Besides not being in any way prejudicial, it is also a decision the Court made in its official capacity. As discussed above, decisions adverse to a party or made in a judge's official capacity clearly are excluded from the type of conduct that can be considered in evaluating a section 455(b)(1) recusal. Therefore, Petitioner's recusal motion is denied and the Court will address Petitioner's remaining motions.

## II. Motion for Summary Judgment

On April 13, 2015, Petitioner filed a motion for summary judgment pursuant to Federal Rule of Civil Procedure 56(a). (Mot. for Summ. J. at 1, Dkt. Entry No. 19.) In his motion, Petitioner asks the Court to "grant summary judgment in favor of [P]etitioner, based on [P]etitioner's Rule 60(b) motion and amendment 787 and to release Petitioner thirty months early, as it would save the United States Bureau of Prisons ("BOP") "$50,000 to $70,000 dollars for the next two years." (*Id.*)

Apart from being procedurally defective, Petitioner's motion clearly is meritless as it asserts no cognizable grounds on which the Court can grant summary judgment relief. Petitioner's argument that the Court should release Petitioner early in order to reduce the BOP's costs is a baseless argument for granting post-conviction relief. Petitioner's motion for summary

judgment is therefore denied.

### III. Motion for Reconsideration

Petitioner filed a second motion for reconsideration on April 23, 2015. Petitioner moves under Federal Rule of Civil Procedure 59(e) for the Court to reconsider its April 7, 2015 decision denying Petitioner's first motion for reconsideration of the Court's order denying Petitioner's 28 U.S.C. § 2255 motion to vacate, set aside, or correct his sentence. (*See* Second Mot. for Reconsideration at 1-2, Dkt. Entry No. 20.) In his second motion for reconsideration, Petitioner argues that the Court failed to consider an amendment to United States Sentencing Guideline ("U.S.S.G.") section 2L1.2 that Petitioner cited to in his first motion for reconsideration. (*See id.* at 2; Mot. for Reconsideration at 1 & 3.)

Here, Petitioner seeks to relitigate an issue that has already been decided and now reviewed twice by this Court and once by the Second Circuit. The amendment to U.S.S.G. 2L1.2 that Petitioner cites to in his first and second motions for reconsideration does not apply to his case as U.S.S.G. 2L1.2 is applicable only to cases of illegally reentering or remaining in the United States after conviction of a crime, which does not apply to Petitioner. *See* U.S.S.G. § 2L1.2. As the second motion for reconsideration is utterly meritless and merely seeks to relitigate issues that this Court has decided twice already, the second motion for reconsideration is denied.

Moreover, as Petitioner has already filed one motion pursuant to § 2255, to which he is entitled, any future filing that seeks to collaterally attack his conviction, even if not labeled as a § 2255 motion, is subject to the restriction on second or successive habeas petitions codified in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *See Gonzalez v. Crosby,* 545 U.S. 524, 530 (2005) (defining a motion for reconsideration as a second or successive habeas petition in the context of 28 U.S.C. § 2254); *Schwamborn v. United States*, 507 F.Supp.2d

229, 239-40 & n.19 (E.D.N.Y. 2007) (applying *Gonzalez v. Crosby* to § 2255 petitions). "When a petitioner makes a second or successive § 2255 motion without authorization from the appellate court, the district court may transfer the motion to the appropriate appellate court for the purpose of seeking authorization 'if it is in the interest of justice to do so.'" *Schwamborn*, 507 F.Supp.2d at 241 (quoting 28 U.S.C. § 1631). However, as Petitioner has made only meritless claims already argued in his first § 2255 motion, the Court declines to transfer this motion. If Petitioner wishes to pursue his claim then he must make an application to the Second Circuit Court of Appeals for permission to proceed with a second or successive motion. *See* 28 U.S.C. § 2244(b)(3)(A).

## CONCLUSION

For the reasons set forth above, Petitioner's motions are denied in their entirety. Petitioner is further denied a certificate of appealability as he fails to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see* Fed. R. App. P. 22(b); *Miller–El v. Cockrell*, 537 U.S. 322, 336 (2003); *Lucidore v. New York State Div. of Parole*, 209 F. 3d 107, 112 (2d Cir. 2000). Furthermore, Petitioner has now filed four meritless motions on this docket after this Court denied his 28 U.S.C. § 2255 motion, the Second Circuit dismissed his appeal, and this case was closed. "The district courts have the power and the obligation to protect the public and the efficient administration of justice from individuals who have a history of litigation entailing vexation, harassment and needless expense to other parties and an unnecessary burden on the courts and their supporting personnel." *Lau v. Meddaugh*, 229 F.3d 121, 123 (2d Cir.2000) (internal quotation marks and citations omitted); *see also Persaud v. United States*, 2010 WL 3000725, at *3 (E.D.N.Y. July 27, 2010) (applying *Lau v. Meddaugh* to § 2255 motions). Petitioner is hereby admonished that if he continues to file multiple frivolous and baseless motions challenging his prior federal conviction and sentence, he will face filing

injunctions. *See Safir v. U.S. Lines, Inc.,* 792 F.2d 19, 23 (2d Cir. 1986) (finding district court's authority to enjoin litigant who engages in multiplicitous and baseless litigation from future access to the courts).

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and, therefore, *in forma pauperis* status is denied for purpose of any appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

Dated: Brooklyn, New York
      July 28, 2015

                                  /s/
                          DORA L. IRIZARRY
                    United States District Judge